FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 05 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS,<br><br>    Plaintiff,<br><br>v.<br><br>ASSURANT, INC., FORTIS INSURANCE COMPANY, and JOHN ALDEN LIFE INSURANCE COMPANY,<br><br>    Defendants. | CIVIL ACTION No.<br>1:05-CV-1462-BBM |

## CONSENT ORDER AND FINAL JUDGMENT

Plaintiff American Family Life Assurance Company of Columbus ("Plaintiff") and Defendants Assurant, Inc., Time Insurance Company (f/n/a Fortis Insurance Company), and John Alden Life Insurance Company ("Defendants") (collectively "the Parties"), having stipulated and agreed to the entry of final judgment on these terms, and for good cause shown, it is hereby **ORDERED and ADJUDGED** as follows:

1.    Aflac filed this action on June 3, 2005 alleging that Defendants' distribution, marketing, and sale of certain policies, attached to the Complaint,

namely their "Accident-Only Insurance" policy, Form Nos. 032 and 062 ("Assurant Accident Policy"), "Cancer-Only Insurance" policy, Form Nos. 033 and 063 ("Assurant Cancer Policy"), "Hospital Indemnity Insurance" policy, Form Nos. 038 and 068 ("Assurant Hospital Policy"), and "Hospital Confinement Sickness Indemnity Insurance" policy, Form Nos. 037 and 067 ("Assurant Sickness Policy") infringe Aflac's copyrights in its accident-only policy, Series A-34000; its cancer indemnity insurance policy, Series A-75000; its hospital confinement indemnity policy, Series A-44000; and its hospital confinement sickness indemnity limited benefit policy, Series A-45000, respectively, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501. Assurant has denied the allegations in the Complaint and asserted certain affirmative defenses, certain of which Assurant later withdrew.

2. This Court has subject matter jurisdiction over the claims asserted by Plaintiff and personal jurisdiction over Defendants for purposes of this lawsuit. Venue of this action properly lies in the Northern District of Georgia.

3. The Parties waive findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, except as set forth herein.

4. As the Court has previously found, Aflac's Accident, Cancer, Hospital, and Sickness Policies are original works of authorship entitled to

copyright protection and that Aflac holds all right, title, and interest in and to the valid copyrights for its Accident, Cancer, Hospital, and Sickness Policies.

5. Defendants and their officers, directors, agents, employees, and those persons in active concert or participation with them are permanently enjoined, during the life of Aflac's copyrights, from selling, marketing or distributing Defendants' "Cancer-Only Insurance" policy, Form Nos. 033 and 063, and Defendants' "Accident-Only Insurance" policy, Form Nos. 032 and 062, which policies are the subject of Counts I and II of Plaintiff's Complaint, respectively. Nothing in this Consent Order and Final Judgment shall prohibit Defendants from selling, marketing or distributing new non-infringing Cancer or Accident policies.

6. The parties have entered into a written settlement agreement that resolves the balance of the issues in this action, including Aflac's remaining claims and Defendants' defenses, and also including all claims by Aflac for damages and for monetary sanctions. Except as may be provided in the settlement agreement, portions of which are confidential, the Parties shall bear their own costs and attorneys' fees in connection with this action. The parties hereby withdraw all pending motions and discovery requests and consent to the dismissal of all claims, other than Counts I and II, including the appeal filed by Defendants, without prejudice.

7. The Parties agree not to appeal from this Consent Order and Final Judgment, and not to attack the validity of this judgment or any provision thereof in any collateral or subsequent proceeding.

8. The Parties acknowledge and agree that this Consent Order and Final Judgment entitles the Parties to specific performance in the case of a violation of this Consent Judgment if deemed appropriate by the Court.

SO ORDERED, this 5th day of April, 2006.

_____
Hon. Beverly B. Martin
United States District Judge

Stipulated and Agreed, this 30th day of March, 2006:

John W. Harbin
Georgia Bar No. 324130
Ryan T. Pumpian
Georgia Bar No. 589822
Damon J. Whitaker
Georgia Bar No. 752722
Sanjay Ghosh
Georgia Bar No. 141611

**POWELL GOLDSTEIN LLP**

Joseph M. Beck
Georgia Bar No. 046000
Stephen M. Schaetzel
Georgia Bar No. 628653
Christopher P. Bussert
Georgia Bar No. 099085
Pamela C. Mallari
Georgia Bar No. 467504

**KILPATRICK STOCKTON LLP**

One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3488
Tel:  (404) 572-6600
Fax:  (404) 572-6999

Counsel for Plaintiff American Family
Life Assurance Company of Columbus

1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Tel:  (404) 815-6500
Fax:  (404) 815-6555

Counsel for Defendants Assurant, Inc.,
Time Insurance Company, and John
Alden Life Insurance Company